**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALI REZA FASIH RAMANDI,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-3375-OLG** |
| | § | |
| **TODD BLANCHE *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Ali Reza Fasih Ramandi's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). For the reasons below, Petitioner's request for habeas relief will be granted.

## I. BACKGROUND

Based on the record, Petitioner is a citizen of Iran who entered the United States in 2024, was detained upon entry, and was ordered removed from the United States on August 20, 2025, subject to withholding of his removal to Iran under 8 U.S.C. § 1231(b)(3). (Dkt. No. 1-2 at 6–7; Dkt. No. 4 at 2; Dkt. No. 4-1 at 2.) Petitioner now challenges his prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), asserting that his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future. (Dkt. No. 1 at 14–15.)

## I. DISCUSSION

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of

supervision," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal," *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Here, Petitioner has been detained under § 1231 for approximately 15 months: the presumptively reasonable period of detention has long expired. And the Court finds that Petitioner has met his burden of showing "good reason" to believe there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "Good reason" is a "modest standard." *Mogos v. Thompson*, No. 26-CV-740-JKP, 2026 WL 475079, at *4 (W.D. Tex. Feb. 13, 2026). Petitioner "need not rule out 'any prospect of removal—no matter how unlikely or unforeseeable.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 702). Because Petitioner's removal to Iran is subject to withholding, he may not be removed to his country of origin. (*See* Dkt. No. 1-2 at 6; Dkt. No. 4-1 at 2.) Petitioner has already been detained for over a year, and Respondents' only requests for acceptance of Petitioner—to Mexico and Canada—were denied five months ago. (Dkt. No. 4-1 at 2.)

"As a general matter, very few people subject to withholding of removal . . . are removed from the United States." *Garcia-Aleman v. Thompson*, No. 25-CV-886-OLG-HJB, 2025 WL 3534806, at *5 (W.D. Tex. Nov. 24, 2025) (quoting *Puertas-Mendoza v. Bondi*, No. 25-CA-00890-

XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025) (alterations omitted)), *report and recommendation adopted*, No. 25-CV-00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025). Petitioner submits that he has been subject to a final order of removal since 2025 and, based on his withholding status, multiple countries' refusals to accept him, and the absence of any concrete pathway to removal, his detention has become indefinite and unlawful. (Dkt. No. 1 at 13; *see* Dkt. No. 4-1 at 3.)

Accordingly, Petitioner has shown "good reason" to believe that his removal is not significantly likely in the reasonably foreseeable future, and the burden shifted to Respondents to prove that removal is likely. *See Zadvydas*, 533 U.S. at 701. Respondents have not met that burden. They merely assert that removal is likely because the government "is currently investigating appropriate countries for third country removal." (Dkt. No. 4-1 at 3.) But as of June 3, 2026, Respondents could not identify any third countries to which they had sent requests for acceptance of Petitioner. (Dkt. No. 4-1 at 3.) This, coupled with the ICE officer's similarly cursory statement that "there is a significant likelihood of removal in the reasonably foreseeable future" (Dkt. No. 4-1 at 3), is insufficient to carry Respondents' burden. *See Puertas-Mendoza*, 2025 WL 3142089, at *2 (noting that "foreign governments 'routinely deny' requests to receive people who lack a connection to the would-be receiving country" and granting habeas petition). The Court will therefore require Petitioner's immediate release.

## II. CONCLUSION

Based on the foregoing, Petitioner Ali Reza Fasih Ramandi's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED** as follows:

1. Respondents must **RELEASE** Petitioner Ali Reza Fasih Ramandi (A-221-342-664) from custody under an Order of Release on Supervision to a public place on or before **Thursday, November 19, 2026**;

2. Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3. Respondents must file a status report **within two days thereafter** confirming that Petitioner has been released under conditions of release no more restrictive than those in place before the detention at issue in this case.

Petitioner's Motion to Expedite (Dkt. No. 6) is **DISMISSED AS MOOT**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on November 17, 2026.

ORLANDO L. GARCIA
United States District Judge